IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHRISTOPHER SHELTON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-22-893-D |
| | ) |
| SCOTT CROW, Director, | ) |
| | ) |
| Respondent. | ) |

**O R D E R**

This matter is before the Court for review of the Report and Recommendation issued by United States Magistrate Judge Gary M. Purcell under 28 U.S.C. § 636(b)(1)(B) and (C). The Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus challenges a criminal judgment of the District Court of Comanche County, Oklahoma, on the primary ground that Oklahoma courts lacked jurisdiction because Petitioner has "some Indian blood" and the crime occurred in Indian Country. *See* Pet. [Doc. No. 1] at 5 (ECF page numbering); *see also McGirt v. Okla*., 140 S. Ct. 2452 (2020). Upon initial review of the Petition, Judge Purcell finds that the action should be dismissed without prejudice because Petitioner has failed to exhaust available state court remedies. *See* R&R at 4, 6.

Within the deadline to object, Petitioner has made a *pro se* filing [Doc. No. 7] that is considered a timely objection to Judge Purcell's findings and recommendation. Thus, the Court must make a *de novo* determination of the portions of the Report to which a specific objection is made, and may accept, reject, or modify the recommended decision. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Despite liberal construction of the issues raised by the Objection, the Court finds that Petitioner does not address in a meaningful way Judge Purcell's finding that Petitioner has failed to exhaust available state remedies for the claims asserted in his Petition. Nor does Petitioner challenge a pertinent finding; he merely repeats allegations that Oklahoma courts lacked jurisdiction over his case. Upon *de novo* review, the Court finds that Judge Purcell's findings and recommendation should be adopted and that Petitioner's action should be dismissed without prejudice for failure to exhaust state court remedies.

**IT IS THEREFORE ORDERED** that the Report and Recommendation [Doc. No. 6] is **ADOPTED**. The Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus is **DISMISSED** without prejudice to a future filing. A separate judgment shall be entered accordingly.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a petitioner. A COA may issue only if Petitioner "has made a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Upon consideration, the Court finds the requisite standard is not met in this case. Therefore, a COA is **DENIED**.

**IT IS SO ORDERED** this 2nd day of November, 2022.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge